IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CARNELL McELROY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00434 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RANDALL C. MATHENA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Carnell McElroy, Pro Se Plaintiff; Nancy Hull Davidson, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

Plaintiff Carnell McElroy, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that prison officials violated his free exercise of religion rights. The defendant prison officials argue that they are entitled to summary judgment because McElroy concedes that he failed to exhaust his administrative remedies before filing this action. I agree and will grant the defendants' Motion for Summary Judgment and dismiss McElroy's claims without prejudice.

The facts are not in dispute. McElroy is a Muslim who signed up to participate in the 2014 Ramadan accommodation provided at Red Onion State Prison, based on his religious dietary beliefs. To accommodate Muslims' belief that they should fast between sunrise and sunset during the month of Ramadan, by

policy, prison officials serve meals to Ramadan participants outside those fasting hours. The 2014 Ramadan accommodation began with an early breakfast on June 28. On June 30, McElroy took a regular meal tray during daylight hours. Based on this act, officials charged McElroy $1.35 for that meal and removed him from the Ramadan list. Accordingly, from July 5 to July 27, 2014, he was not allowed to participate in the Ramadan fast.[1]

The Prison Litigation Reform Act ("PLRA") provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust all levels of administrative review is not proper exhaustion and will bar an inmate's § 1983 action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "'[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur.'" *Carpenter v. Hercules*,

---

[1] Officials' removal of McElroy from the Ramadan list was consistent with a prior Virginia Department of Corrections ("VDOC") policy. Under that policy, if an official saw that an inmate approved to participate in the Ramadan fast was breaking his fast by eating during daylight hours, officials revoked that inmate's Ramadan accommodation. On February 21, 2014, however, this policy was modified to state that an offender approved to participate in Ramadan who seeks a meal tray between dawn and sunset during the fast will be assessed the cost of that Ramadan meal (currently $1.35), but will not be otherwise penalized. McElroy states that when he chose to break his fast by eating a meal during the daytime, he believed that he would merely be charged $1.35 for the meal, but would still be allowed to complete the rest of his Ramadan fast, as his religious beliefs require.

-2-

Case 7:14-cv-00434-JPJ-RSB   Document 28   Filed 12/22/14   Page 2 of 4   Pageid#: 169

No. 3:10cv241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)).

Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Within 30 days of the incident the inmate wishes to grieve, he must attempt informal resolution and then file a regular grievance. After an investigation of this Level I remedy, the warden or his delegate responds. The inmate may then appeal to the regional administrator, who provides a Level II response, which is generally the last available appeal.

On August 1, 2014, after the Ramadan fast ended, McElroy filed a regular grievance about his removal from the fast list. He signed and dated this § 1983 complaint on August 4, 2014, just three days later, before he had received the Level I response, which issued on August 27, 2014. The regional director did not issue the Level II response until October 10, 2014.

Thus, it is clear that McElroy filed this lawsuit *before* he had complied with § 1997e(a). Although he had filed his initial grievance about his removal from the Ramadan list, he had not yet received a response or pursued the available appeal to Level II. Thus, I conclude that his § 1983 complaint on the Ramadan issue was prematurely filed and must be dismissed. For the stated reasons, I will grant the defendants' Motion for Summary Judgment under § 1997e(a) for failure to exhaust

available administrative remedies before bringing this lawsuit, and dismiss his claims without prejudice.

A separate Order will be entered herewith.

DATED: December 22, 2014

/s/ James P. Jones
United States District Judge